**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WEAVER HASTINGS,**

    **Petitioner,**

**v.**                                                    **Case No. 4:24cv265-WS/MAF**

**WALT MCNEIL, SHERIFF,**

    **Respondent.**
_____/

# ORDER and
# REPORT AND RECOMMENDATION

On or about June 26, 2024, Petitioner Weaver Hastings, an inmate at the Leon County Detention Facility, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a supporting memorandum, ECF No. 2. Petitioner Hastings challenges his pre-trial detention in case number 2020-CF-2192 in the Second Judicial Circuit, Leon County, Florida. ECF No. 1 at 2. Petitioner Hastings also filed an Emergency Motion to Stay State Court Proceedings, pursuant to 28 U.S.C. § 2251(a)(1). ECF No. 9.

On September 5, 2024, Respondent filed a motion to dismiss the habeas petition, with exhibits, ECF No. 10, and a response to the motion to stay, ECF No. 12. Petitioner has filed a Notice of Supplemental Authority, ECF No. 13, and a reply, ECF No. 14.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the habeas petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural Background**

Petitioner Weaver Hastings challenges his pre-trial detention in Leon County Circuit Court case number 2020-CF-2192, in which he was charged, by a third amended information filed May 3, 2024, with two counts:

(1) trafficking in methamphetamine, a first degree felony, in violation of section 893.03 and 893.135(1)(f)1.c., Florida Statutes, in connection with events that occurred on or about June 2, 2020; and

(2) conspiracy to commit trafficking, a second degree felony, in violation of section 777.04(3) and 893.135(1)(f)1.c., Florida Statutes, in connection with events that occurred on or about May 24, 2020.

Ex. C.[1]  *See* ECF No. 10 at 2.  According to documents provided by Respondent, Petitioner Hastings is represented by counsel in his state court proceeding, with trial set for September 16, 2024.  Ex. D; *see* ECF No. 10 at 2.  A search today of the Leon County Circuit Court case docket indicates Hastings' trial is now scheduled to begin on Monday, October 7, 2024, with a docket sounding date of Thursday, September 26, 2024.  *See* https://cvweb.leonclerk.com/public/online_services.

In his § 2241 petition, Hastings raises three grounds:

(1) **Assistance of Counsel VI/XIV Amendment Claim**:  Petitioner asserts he is being denied effective assistance of counsel where two assistant public defenders and then four different conflict attorneys have represented him.  ECF No. 1 at 3; *see id*. at 7-12.

(2) **Speedy Trial VI/XIV Amendment Claim**:  Petitioner asserts he is being denied his right to a speedy trial where trial dates have been set and rescheduled multiple times.  *Id*. at 3; *see id*. at 7-12.

(3) **State of Florida Does Not Have Jurisdiction**:  Petitioner asserts the State of Florida does not have jurisdiction because an arrest warrant was issued "for the incident that occurred at the post office on June 4, 2020," and "[t]he United States Government is the owner" of the post office; thus, "his arrest for the narcotics in the package occurred on Federal land, property for which the State of Florida does not have jurisdiction."  *Id*. at 4, 14-16.

As relief, he requests "this Court to enjoin further proceedings in this matter in the State Court and order the Petitioner released from custody."  *Id*. at 17.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.10.

Case No. 4:24cv265-WS/MAF

Similarly, in his "Emergency Motion to Stay State Court Proceedings," Hastings argues his trial is set for September 16, 2024, the State of Florida does not have jurisdiction, he is being tried without effective counsel, and he is being denied his right to speedy trial. ECF No. 9.

In its motion to dismiss, Respondent asserts "it does not appear that Petitioner has exhausted his state court remedies with respect to any of the grounds" and Respondent does "not concede or waive the defense of exhaustion." ECF No. 10 at 4 n.1. Respondent cites Younger v. Harris, 401 U.S. 37 (1971), asserts the abstention doctrine applies here, "even where the issues have already been exhausted in state court, as long as the state court proceedings are still active and pending." *Id*. at 7. Because proceedings are still pending in the state court, with the trial set to begin September 16, 2024, Respondent requests the Court dismiss the petition pursuant to the Younger abstention doctrine. *Id*. Similarly, in its response to the motion to stay, Respondent asserts "[f]or those reasons set out in Respondent's motion to dismiss," the motion to stay should also be denied as "Petitioner does not allege any special and unique circumstances that would allow a federal court to intercede in the ongoing state court prosecution." ECF No. 12 at 2.

Petitioner has filed a reply. ECF No. 14. In his reply, he asserts "Younger abstention is inappropriate where the state judicial proceeding does not afford an adequate opportunity to raise constitutional challenges" and "[t]his is mostly due to Logan v. State's prohibition against pro se filings by individuals with counsel." *Id*. at 1. Petitioner does not give a citation for the case, but he may be referring to Logan v. State, 149 So. 3d 72 (4th DCA 2014). Petitioner asserts he raised his three grounds in his state habeas petitions but the petitions were dismissed without comment, with a citation to the Logan case; therefore, Petitioner argues, he has exhausted the grounds he has raised in his federal petition. ECF No. 14 at 2.

Petitioner further asserts "Younger abstention is inappropriate where the Petitioner's claims are under the exclusive jurisdiction of the United States." *Id*. Petitioner asserts his "claims that the post office where he was arrested is under the exclusive jurisdiction of the United States are unrefuted and supported by case law, the United States Constitution, and State and Federal statutes." *Id*. He asserts that because "[t]he State has chosen not to answer [his] claims," his "claims are unopposed" and thus he "has shown that he has been/is being deprived of constitutionally guaranteed rights." *Id*. at 3. He further asserts he has shown special circumstances as "a 42 month prosecution for possession can surely be called a special circumstance" as

well as "being assigned 7 different attorneys." *Id*. He "believes his claims at least warrant a hearing." *Id*. He requests this Court stay the state court proceedings and "hold an evidentiary hearing to ascertain the truth of his claims." *Id*. at 4.

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a federal district court may grant a writ of habeas corpus. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States," but "a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court,'" as referenced in and required by § 2254, and thus "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

A state pre-trial detainee generally must exhaust all available state remedies before filing a § 2241 petition. *See* Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding petitioner, a pre-trial detainee, exhausted all available state court remedies for consideration of constitutional claim);

United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (explaining that "federal courts . . . may require, as a matter of comity, that such [state pretrial] detainees exhaust all avenues of state relief before seeking the writ"). Federal habeas relief may only be granted if state remedies have been exhausted. See Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'"); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974) ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled."). As Respondent indicates, from the information in the petition, it does not appear that Hastings has exhausted his available state remedies. See ECF No. 1; ECF No. 10 at 4 n.1.

Moreover, because proceedings are still pending in state trial court, the federal abstention doctrine precludes interference in those proceedings. See Johnson, 32 F.4th at 1099-102. Indeed, as indicated above, a review today of the online docket for Hastings' Leon County Circuit Court case reveals he is currently awaiting trial, set to begin Monday, October 7, 2024, with a docket sounding date of Thursday, September 26, 2024. See Ex. D; https://cvweb.leonclerk.com/public/online_services.

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004).  In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); see Hughes, 377 F.3d at 1263-64.  Federal courts consistently abstain from enjoining state criminal prosecutions unless a limited exception applies:  (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state form exists in which to raise the constitutional issues.  Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable to this federal habeas petition.  Hastings has not made a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur.  See Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute

under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief). Further, Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings. Accordingly, this Court should abstain from reaching his claims at this point. *See, e.g.*, Turner v. Morgan, No. 3:12cv188-MCR/CJK, ECF No. 3, 2012 WL 2003835 at *3 (N.D. Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pre-trial detainee), adopted by order of district judge, ECF No. 4 (June 4, 2012).

## Conclusion

Based on the foregoing, Respondent's motion to dismiss (ECF No. 10) should be **GRANTED** and the § 2241 petition for writ of habeas corpus (ECF No. 1) should be **DISMISSED without prejudice**. Petitioner's "Emergency Motion to Stay State Court Proceedings" (ECF No. 9) should be **DENIED**.

## Certificate of Appealability

A certificate of appealability (COA) is required for a pre-trial detainee to appeal the dismissal of a federal habeas corpus petition. *See, e.g.,* Johnson, 32 F.4th at 1095 (explaining, in appeal from dismissal of § 2241

petition filed by state pre-trial detainee, appellate court granted COA); Hiteshaw v. Butterfield, 262 F. App'x 162, 163 (11th Cir. 2008) (citing 28 U.S.C. § 2253(c)(1)(A) and Medberry, 351 F.3d at 1063). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S. 100, 115 (2017).

In this case, Petitioner Hastings cannot make the requisite showing. Therefore, the undersigned recommends the district court deny a certificate of appealability in its final order. If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## ORDER

Petitioner Hastings' "Emergency Motion to Stay State Court Proceedings" (ECF No. 9) is **DENIED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 10) be **GRANTED** and the § 2241 petition for writ of habeas corpus (ECF No. 1) be **DISMISSED without prejudice**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv265-WS/MAF